# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

PIPE FITTERS' RETIREMENT FUND, LOCAL 597; PIPE FITTERS' WELFARE FUND, LOCAL 597; PIPE FITTERS' TRAINING FUND, LOCAL 597; CHICAGO AREA MECHANICAL CONTRACTING INDUSTRY IMPROVEMENT TRUST; THE PIPE FITTERS' ASSOCIATION, LOCAL 597 U.A.; PIPE FITTERS' INDIVIDUAL ACCOUNT and 401(K) PLAN; and PIPE FITTING COUNCIL OF GREATER CHICAGO,

    Plaintiffs,

vs.

JENNIFER COOPER, individually, and DANIEL COOPER, individually,

    Defendants.

CIVIL ACTION

NO.: 19-cv-1999

JUDGE:

MAGISTRATE JUDGE:

## COMPLAINT

Now come Plaintiffs, the PIPE FITTERS' RETIREMENT FUND, LOCAL 597, *et al.*, by and through their attorneys, JOHNSON & KROL LLC, complaining of the Defendants, JENNIFER COOPER ("JENNIFER") and DANIEL COOPER ("DANIEL") (collectively referred to as the "COOPERS") and allege as follows:

### JURISDICTION AND VENUE

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145) and Section 301 of the Labor-Management Relations Act. (29 U.S.C. § 185). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §§ 1132(e)(1) and 1145, and 28 U.S.C. § 1331 in that this claim states a federal question arising under ERISA and the Court has supplemental jurisdiction over the Plaintiffs' alter-ego claim.

2. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the PIPE FITTERS'

RETIREMENT FUND, LOCAL 597, the PIPE FITTERS' WELFARE FUND, LOCAL 597, the PIPE FITTERS' INDIVIDUAL ACCOUNT and 401(K) PLAN and the PIPE FITTERS' TRAINING FUND, LOCAL 597 (collectively "TRUST FUNDS"), are administered at 45 North Ogden Avenue, Chicago, Illinois and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

**PARTIES**

3. The TRUST FUNDS receive contributions from numerous employers pursuant to collective bargaining agreements between the employers and the PIPE FITTERS' ASSOCIATION, LOCAL UNION 597, U.A., ("UNION"), and therefore are multi-employer plans under 29 U.S.C. § 1002.

4. The CHICAGO AREA MECHANICAL CONTRACTORS INDUSTRY IMPROVEMENT TRUST ("INDUSTRY FUND") is an industry improvement fund administered in Burr Ridge, Illinois.

5. The PIPE FITTING COUNCIL OF GREATER CHICAGO ("PFCGC") is a labor management cooperation committee that is administered in Chicago, Illinois.

6. Defendant JENNIFER was the President and Principal Officer of Armor Mechanical, Inc. ("Armor Mechanical").

7. Defendant JENNIFER was the sole shareholder of Armor Mechanical.

8. Defendant DANIEL was the operations manager of Armor Mechanical.

9. Upon information and belief, Defendant DANIEL was a *de facto* corporate officer of Armor Mechanical and shared in its profits.

10. Armor Mechanical is an Illinois Corporation that was involuntarily dissolved by the Illinois Secretary of State's Office on January 12, 2019.

11. The UNION is the bargaining representative of the Armor Mechanical/COOPERS' bargaining-unit employees who were employed by Defendants at Armor Mechanical.

**COUNT I**
**ALTER-EGO/PIERCING THE CORPORATE VEIL:**
**BREACH OF THE COLLECTIVE BARGAINING AGREEMENTS**

12. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-11 of this Complaint with the same force and effect as if fully set forth herein.

13. The COOPERS' company, Armor Mechanical, Inc. ("Armor Mechanical") was an employer engaged in an industry affecting commerce which entered into a Subscription Agreement whereby it agreed to be bound by the provisions of the Area Agreement negotiated between the UNION and the Mechanical Contractors Association for all times relevant to this action. (A copy of the Subscription Agreement is attached as **Exhibit 1**); (A copy of the Area Agreement is attached as **Exhibit 2**).

14. Through the agreements referred to in Paragraph 13, Armor Mechanical also became bound by the provisions of the Agreements and Declarations of Trust which created the TRUST FUNDS (hereinafter referred to as the "Trust Agreements").

15. Pursuant to the provisions of the Area Agreement and the Trust Agreements, Armor Mechanical was required to make monthly reports of hours worked by its employees in the Trade and Geographic Jurisdictions of the UNION as defined in the Area Agreement and pay contributions to the TRUST FUNDS, the INDUSTRY FUND and the PFCGC for each hour worked pursuant to the Area Agreement at the negotiated rate. The monthly reports and contributions during all times relevant were due on or before the 15th day of the calendar month following the calendar month during which the work was performed.

16. Pursuant to Section 502(g)(2) of ERISA, and the provisions of the Area Agreement and Trust Agreements, employers who fail to remit their monthly Contribution Reports and

contributions to the TRUST FUNDS on a timely basis are responsible for the payment of liquidated damages equal to 10% of the amount unpaid and interest at the rate of 1% per month for each month that contributions remain unpaid, plus any reasonable attorneys' fees and costs of maintaining suit.

17. Pursuant to the provisions of the Area Agreement and Trust Agreements, employers who fail to submit their monthly Contribution Reports and contributions to the INDUSTRY FUND and the PFCGC on a timely basis are responsible for the payment of liquidated damages equal to 10% of the amount unpaid and interest at the rate of 1% per month for each month that contributions remain unpaid, plus any reasonable attorneys' fees and costs of maintaining suit.

18. Pursuant to the Area Agreement, Armor Mechanical was required to deduct union dues from its employees' paychecks and remit payment of those dues to the UNION.

19. During the period of March 2017 through August 2017, Armor Mechanical untimely remitted payment of contributions, which resulted in liquidated damages and interest in the aggregate amount of $1,564.18.

20. Two (2) payroll compliance audits for the period of June 1, 2016 through August 31, 2017 revealed that Armor Mechanical owes the aggregate amount of $63,545.35 in unpaid contributions and union dues to the TRUST FUNDS, the INDUSTRY FUND, the PFCGC and the UNION.

21. Plaintiffs made repeated demands for payment of the above amounts to Defendants JENNIFER and DANIEL, and to Armor Mechanical.

22. Thereafter, on November 14, 2017, Plaintiffs filed suit against Armor Mechanical in the United States District Court for the Northern District of Illinois, Eastern Division (the "2017 Litigation") for Armor Mechanical's failure to pay timely contributions and dues.

23. Throughout the 2017 Litigation, the COOPERS and Armor Mechanical were not responsive to pleadings, disregarded Court orders, and refused to produce any requested records.

24. After Plaintiffs filed the 2017 Litigation on November 14, 2017, the COOPERS depleted Armor Mechanical's assets for their own personal use that rendered Armor Mechanical incapable of satisfying its liabilities to Plaintiffs, thereby rendering Armor Mechanical insolvent.

25. Eventually, pursuant to a subpoena issued to Intuit, Inc., Plaintiffs obtained sufficient payroll information to determine additional damages that were assessed against Armor Mechanical.

26. During the period of December 2017 through March 2018, Armor Mechanical also failed to remit timely payment of contributions and union dues to the TRUST FUNDS, the INDUSTRY FUND, the PFCGC and the UNION, which resulted in liquidated damages and interest in the aggregate amount of $23,664.23.

27. Two (2) payroll compliance audits for the period of September 1, 2017 through August 31, 2018 revealed that Armor Mechanical owes contributions and union dues to the TRUST FUNDS, the INDUSTRY FUND, the PFCGC and the UNION, along with the resulting liquidated damages and interest, in the aggregate amount of $147,410.88.

28. On January 9, 2019, the Honorable Judge Feinerman issued a Default Judgment Order in favor of Plaintiffs and against Armor Mechanical in the aggregate amount of $266,725.15. (A copy of the Default Judgment Order is attached as **Exhibit 3**).

29. In deciding whether to disregard the corporate form in an action to recover unpaid employer contributions to employee benefit plans, the court should consider: 1) the amount of respect given to the separate identity of the corporation by its officers; 2) whether the officers acted

with fraudulent intent; and 3) the degree of injustice visited on the litigants by respecting the corporate entity.

30. Defendant JENNIFER was the President and Principal Officer of Armor Mechanical.

31. Defendant JENNIFER was the sole shareholder of Armor Mechanical.

32. Defendant DANIEL was the operations manager of Armor Mechanical.

33. Upon information and belief, Defendant DANIEL was a *de facto* corporate officer of Armor Mechanical and shared in its profits.

34. Defendants JENNIFER and DANIEL failed to respect the separate identity of Armor Mechanical by utilizing the Company's assets and bank accounts for their personal expenditures.

35. Defendants JENNIFER and DANIEL acted with fraudulent intent when they transferred and diverted assets from Armor Mechanical's accounts while the 2017 Litigation was pending in a feeble attempt to avoid paying contributions, union dues, liquidated damages and interest to Plaintiffs.

36. Defendants JENNIFER and DANIEL exercised ownership control over Armor Mechanical to such a degree there was in effect a unity of interest and ownership between Armor Mechanical and the COOPERS such that the separate personalities of the corporation and the COOPERS individually did not exist.

37. Defendants JENNIFER and DANIEL used the perceived corporate shield of Armor Mechanical as an instrumentality for their own personal gain.

38. Defendants JENNIFER and DANIEL commingled their personal assets with that of Armor Mechanical, utilizing the Corporation's accounts for personal expenditures.

39. Defendants JENNIFER and DANIEL failed to sufficiently capitalize Armor Mechanical and continued to operate the company past the point of insolvency to the detriment of Plaintiffs.

40. Defendants JENNIFER and DANIEL utterly failed to observe corporate formalities and failed to maintain adequate corporate records.

41. Armor Mechanical functioned as a mere façade for the day-to-day operations of Defendants JENNIFER and DANIEL.

42. The COOPERS demonstrated a complete disregard for the Corporation's obligations to pay Plaintiffs contributions, dues, liquidated damages and interest that they knew the company was liable for.

43. A continued adherence to the fiction of a separate corporate existence would sanction fraud and promote injustice, as it would severely hinder the financial stability of Plaintiffs and allow Defendants JENNIFER and DANIEL to profit from their deceitful and egregious actions.

44. For acting as the alter-ego of Armor Mechanical, this Court should disregard the corporate form, pierce the corporate veil, and find the COOPERS personally liable for the corporate obligations of Armor Mechanical, including but not limited to Armor Mechanical's obligations to the Plaintiffs pursuant to the Area Agreement in the amount of $266,725.15.

45. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from Defendants JENNIFER and DANIEL.

46. Plaintiffs have complied with all conditions precedent in bringing this suit.

47. Defendants JENNIFER and DANIEL are obligated to pay the reasonable attorneys' fees and court costs incurred by the Plaintiffs pursuant to the Area Agreement, Trust Agreements and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE, Plaintiffs respectfully request the following:**

A. That Judgment be entered in favor of Plaintiffs and against Defendants JENNIFER and DANIEL, jointly and severally, for all unpaid contributions, liquidated damages, interest and attorneys' fees and costs in the amount of $266,725.15;

B. That this Court enter an order holding that the Defendants JENNIFER and DANIEL defrauded the Plaintiffs when they disregarded the corporate form of Armor Mechanical;

C. That Defendants JENNIFER and DANIEL, jointly and severally, be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the Area Agreement, Trust Agreements and 29 U.S.C. §1132(g)(2)(D); and

D. That Plaintiffs have such other and further relief as this Court may deem just and equitable all at the Defendants' cost.

    Respectfully Submitted,

    **PIPE FITTERS' RETIREMENT FUND, LOCAL 597 *et al.***

    By: /s/ Lucas J. Habeeb - 6329755
    One of Plaintiffs' Attorneys

Lucas J. Habeeb
JOHNSON & KROL, LLC
311 South Wacker Drive, Suite 1050
Chicago, Illinois 60606
(312) 372-8587
habeeb@johnsonkrol.com