THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PIPE FITTERS' RETIREMENT FUND, LOCAL 597; PIPE FITTERS' WELFARE FUND, LOCAL 597; PIPE FITTERS' TRAINING FUND, LOCAL 597; CHICAGO AREA MECHANICAL CONTRACTING INDUSTRY IMPROVEMENT TRUST; THE PIPE FITTERS' ASSOCIATION, LOCAL 597 U.A.; PIPE FITTERS' INDIVIDUAL ACCOUNT and 401(K) PLAN; and PIPE FITTING COUNCIL OF GREATER CHICAGO, <br><br>    Plaintiffs, <br><br>vs. <br><br>JENNIFER COOPER, individually, and DANIEL COOPER, individually, <br><br>    Defendants. | CIVIL ACTION <br><br> NO.: 19-cv-1999 <br><br> JUDGE: FEINERMAN <br><br> MAGISTRATE <br> JUDGE: WEISMAN |

**PLAINTIFFS' SECOND MOTION FOR DEFAULT JUDGMENT IN SUM CERTAIN**

Now come the Plaintiffs, the PIPE FITTERS' RETIREMENT FUND, LOCAL 597, *et al.,* by and through their attorneys, JOHNSON & KROL, LLC, and move this Honorable Court for entry of Default Judgment in favor of the Plaintiffs and against Defendants JENNIFER COOPER ("JENNIFER") and DANIEL COOPER ("DANIEL") (collectively referred to as the "COOPERS") pursuant to Rule 55(b) of the Federal Rules of Civil Procedure and in support thereof, state as follows:

1. On March 22, 2019, Plaintiffs filed their Complaint against the COOPERS under Sections 502 and 515 of the Employee Retirement Income Security Act (29 U.S.C. §§ 1132 and 1145) and Section 301 of the Labor-Management Relations Act (29 U.S.C. § 185), seeking payment of unpaid contributions, liquidated damages, interest and attorneys' fees owed to

Plaintiffs by the COOPERS' Company, Armor Mechanical, Inc. (hereinafter referred to as "Armor Mechanical" or the "Company"). (Docket No. 1).

2. JENNIFER was served with Plaintiffs' Complaint on April 3, 2019. (Docket No. 8).

3. DANIEL was served with Plaintiffs' Complaint on April 3, 2019. (Docket No. 9).

4. The COOPERS initially failed to respond to the Complaint within twenty-one (21) days of service of the Complaint and Summons as required.

5. Accordingly, on May 8, 2019, Plaintiffs filed their First Motion for Default Judgment against Defendants JENNIFER and DANIEL. (Docket No. 10).

6. On May 16, 2019, this Court entered a Rule 55(a) Entry of Default against the Defendants, but entered and continued Plaintiffs' First Motion for Default Judgment as to the Rule 55(b) default judgment. The Court's Order required the COOPERS to file a written opposition by May 29, 2019 if they wished to oppose Plaintiffs' Rule 55(b) Motion for Default Judgment. (A copy of the May 16, 2019 Minute Entry is attached as **Exhibit 1**); (Docket No. 13).

7. On May 20, 2019, Defendant JENNIFER filed her "Motion for Immediate Dismissal." This Honorable Court denied JENNIFER's motion and ruled that the response generally denied the allegations in Plaintiffs' Complaint, and therefore would be considered JENNIFER's Answer to Plaintiffs' Complaint. (Docket Nos. 14 and 16).

8. On May 21, 2019, Defendant DANIEL filed his "Motion for Immediate Dismissal." This Honorable Court also denied DANIEL's motion and ruled that the response generally denied the allegations in Plaintiffs' Complaint, and therefore would also be considered DANIEL's Answer to Plaintiffs' Complaint. (Docket Nos. 15 and 16).

9. Throughout the course of the lawsuit and as delineated in Plaintiffs' First Motion for

Default Judgment (Docket No. 10), Plaintiffs' Combined Motion to Compel and Deem Matters Admitted (Docket No. 22), and as Plaintiffs' counsel has relayed to the Court at multiple status hearings as reflected on the record, Defendants JENNIFER and DANIEL have refused to cooperate or otherwise participate in the current proceedings.

10. On October 9, 2019, Plaintiffs filed a Combined Motion to Compel and Deem Matters Admitted ("Plaintiffs' Combined Motion") after Defendants JENNIFER and DANIEL failed to respond to Plaintiffs' written discovery requests. (Docket No. 22).

11. On October 15, 2019, this Honorable Court entered and continued Plaintiffs' Combined Motion, stating that "[i]f Defendants wishes to oppose Plaintiff's motion to compel, they should file a written opposition by 10/29/2019 or appear at the 11/6/2019 hearing; otherwise, the court will rule on the motion on the papers at the 11/6/2019 hearing." (A copy of the October 15, 2019 Minute Entry is attached as **Exhibit 2**); (Docket No. 24).

12. Both Defendants JENNIFER and DANIEL failed to file written opposition to Plaintiffs' Combined Motion by October 29, 2019; both Defendants JENNIFER and DANIEL also failed to appear at the November 6, 2019 status hearing.

13. During the November 6, 2019 status hearing, the Court granted Plaintiffs' Combined Motion in part and denied it without prejudice in part. (A copy of the November 6, 2019 Minute Entry Order is attached as **Exhibit 3**); (Docket No. 27).

14. During the November 6, 2019 status hearing, the Court further noted that "Defendants shall respond to all pending written discovery requests by 11/20/2019. In addition, Defendants have until 11/20/2019 to file their appearances with their current address(es), telephone number(s), and email address(es). If Defendants fail to comply with these requirements, the court will enter a Rule 55(a) default against them. Plaintiff shall serve both Defendants

with a copy of this order." (**Exhibit 3**); (Docket No. 27).

15. Plaintiffs' counsel served both Defendants JENNIFER and DANIEL with a copy of the November 6, 2019 Minute Entry Order. (A Certificate of Service is attached as **Exhibit 4**).

16. Both Defendants JENNIFER and DANIEL failed to respond to Plaintiffs' pending written discovery requests by November 20, 2019; both Defendants JENNIFER and DANIEL also failed to file an appearance with a current address, email address or phone number by November 20, 2019.

17. Seeing as Defendants JENNIFER and DANIEL failed to comply with the Court's November 6, 2019 Minute Entry, Plaintiffs consider the Defendants JENNIFER and DANIEL to be in default.

18. While the Court did not make it exactly clear, Plaintiffs assume that this Court indicated that it would enter a Rule 55(a) default due to the Defendants' failure to respond to Plaintiffs' discovery requests and for refusing to participate in the lawsuit pursuant to Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure and under this Court's inherent power to require the Defendants to actively participate in their defense.

19. Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure provides in relevant part as follows:

> If a party…fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
> \* \* \* \* \*
> (vi) rendering a default judgment against the disobedient party…

(Fed. R. Civ. Proc. 37).

20. Accordingly, Plaintiffs are bringing the instant Motion in an effort to wind up this Lawsuit in a cost-effective and timely manner, especially considering the COOPERS have unabashedly refused to participate in the Lawsuit since submitting their "Motions for Immediate Dismissal" more than six (6) months ago.

21. In fact, as previously indicated in Plaintiffs' Combined Motion and as indicated herein, Plaintiffs' counsel has gone above and beyond in its attempts to garner participation from the COOPERS, who, to date, have not 1) retained counsel to represent them in the current proceedings; 2) provided their initial MIDP disclosures; 3) produced a single page of documentation relating to the instant matter; or 4) appeared in court to defend themselves, among other things.

22. Moreover, Plaintiffs' counsel, through no fault of their own, has not received any communications from Defendant JENNIFER since July 1, 2019, when she sent an email from | local597hateswomen@aol.com | responding to Plaintiffs' counsel's email requesting participation in the drafting of a Joint Initial Status Report (as the Court may have guessed, the Defendants refused to participate in the drafting of that document). To date, Plaintiffs' counsel has not received any other communication from Defendant JENNIFER other than the July 1, 2019 email.

23. Plaintiffs' counsel has previously produced the hard-to-decipher email exchange with Defendant DANIEL in Plaintiffs' Combined Motion, which quite clearly demonstrates his wanton refusal to participate in the proceedings against him, despite his awareness of them.

24. The Court may render a Default Judgment against a party who has not filed a responsive pleading or otherwise defended the suit. (Fed. R. Civ. P. 55(b)(2)).

25. In the Complaint, the Plaintiffs alleged that the COOPERS' complete disregard for the corporate form and failure to respect the separate identity of Armor Mechanical by utilizing the Company's assets and bank accounts for their personal expenditures resulted in them being alter-egos of Armor Mechanical. (Docket No. 1).

26. On January 9, 2019, this Court issued a Default Judgment Order in the 2017 Litigation in favor of Plaintiffs and against Armor Mechanical in the aggregate amount of $266,725.15 for unpaid contributions, liquidated damages, interest, audit fees, and attorney's fees and costs. (A copy of the Default Judgment Order is attached as **Exhibit 5**).

27. As the alter-egos of Armor Mechanical, the Defendants JENNIFER and DANIEL are jointly liable for all obligations of Amor Mechanical to the Plaintiffs in the amount of $236,184.64, which includes contributions, liquidated damages and interest, and is itemized as follows:

| Type: | Period: | Amount: |
|---|---|---|
| Liquidated Damages | Mar. 2017 | $202.56 |
| Interest | Mar. 2017 | $202.60 |
| Liquidated Damages | Apr. 2017 | $17.93 |
| Interest | Apr. 2017 | $18.10 |
| Liquidated Damages | May 2017 | $183.57 |
| Interest | May 2017 | $183.60 |
| Liquidated Damages | Jun. 2017 | $138.21 |
| Interest | Jun. 2017 | $138.20 |
| Liquidated Damages | Jul. 2017 | $135.57 |
| Interest | Jul. 2017 | $135.60 |
| Liquidated Damages | Aug. 2017 | $106.56 |
| Interest | Aug. 2017 | $101.68 |
| Audit (Area Agreement) - Contributions and Dues | Jun. 2016 to Aug. 2017 | $51,449.34 |
| Audit (Area Agreement) - Liquidated Damages | Jun. 2016 to Aug. 2017 | $6,048.90 |
| Audit (Area Agreement) - Interest | Jun. 2016 to Aug. 2017 | $6,047.11 |
| Contributions and Dues | Dec. 2017 | $3,640.08 |
| Liquidated Damages | Dec. 2017 | $347.18 |
| Interest | Dec. 2017 | $347.20 |

| Type: | Period: | Amount: |
|---|---|---|
| Contributions and Dues | Jan. 2018 | $3,514.56 |
| Liquidated Damages | Jan. 2018 | $335.21 |
| Interest | Jan. 2018 | $335.20 |
| Contributions and Dues | Feb. 2018 | $4,189.25 |
| Liquidated Damages | Feb. 2018 | $399.56 |
| Interest | Feb. 2018 | $399.60 |
| Contributions and Dues | Mar. 2018 | $8,598.12 |
| Liquidated Damages | Mar. 2018 | $820.09 |
| Interest | Mar. 2018 | $738.18 |
| Audit (Area Agreement) - Contributions and Dues | Sep. 2017 to Aug. 2018 | $118,350.57 |
| Audit (Area Agreement) - Liquidated Damages | Sep. 2017 to Aug. 2018 | $11,518.67 |
| Audit (Area Agreement) - Interest | Sep. 2017 to Aug. 2018 | $8,660.17 |
| Audit (Residential Agreement) - Contributions and Dues | Sep. 2017 to Aug. 2018 | $7,458.50 |
| Audit (Residential Agreement) - Liquidated Damages | Sep. 2017 to Aug. 2018 | $718.19 |
| Audit (Residential Agreement) - Interest | Sep. 2017 to Aug. 2018 | $704.78 |

(Certification of Michael Maloney is attached as **Exhibit 6**).

28. In addition, the COOPERS are liable to Plaintiffs for all audit fees and costs expended in preparing and bringing this lawsuit in the amount of $2,298.20 pursuant to the Area Agreement, Trust Agreements and 29 U.S.C. § 1132(g)(2)(D). (**Exhibit 6**).

29. Defendants JENNIFER and DANIEL are liable to Plaintiffs for all attorneys' fees and costs expended in preparing and bringing the lawsuit against Armor Mechanical and this lawsuit in the amount of $51,142.16 pursuant to the Area Agreement, Trust Agreements, and 29 U.S.C. 1132(g)(2)(D). (Certification of Attorneys' Fees and Costs is attached as **Exhibit 7**).

30. Plaintiffs have provided the Court with a proposed Default Judgment Order.

**WHEREFORE, Plaintiffs respectfully request the following:**

A. That Judgment be entered in favor of Plaintiffs and against Defendants JENNIFER and DANIEL, jointly and severally, in the aggregate amount of $236,184.64 for unpaid contributions, liquidated damages and interest;

B. That Judgment be entered in favor of Plaintiffs and against Defendants JENNIFER and DANIEL, jointly and severally, in the aggregate amount of $2,298.20 for audit costs;

C. That Defendants JENNIFER and DANIEL, jointly and severally, be ordered to pay all attorneys' fees and costs expended in preparing and bringing the lawsuit against Armor Mechanical and this lawsuit in the amount of $51,142.16 pursuant to the Area Agreement, Trust Agreements, 29 U.S.C. §§ 1132(g)(1) and 1132(g)(2)(D); and

D. That Plaintiffs have such other and further relief as the Court may deem just and equitable all at the Defendants' cost, pursuant to 29 U.S.C. § 1132(g)(2)(E).

Respectfully submitted,

**PIPE FITTERS' RETIREMENT FUND, LOCAL 597** *et al.*

/s/ Lucas J. Habeeb - 6329755
One of Plaintiffs' Attorneys

Lucas J. Habeeb
**JOHNSON & KROL, LLC**
311 South Wacker Drive, Suite 1050
Chicago, Illinois 60606
(312) 757-5472